### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA,

v.                                                          NO.:     2:21-cr-20205-SHL

MARCELLAS COATS,

    Defendant.

### MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS

COMES NOW the Defendant, Marcellas Coats ("Mr. Coats"), by and through his Attorney of Record, Jennifer D. Fitzgerald, and submits this memorandum of law and facts in support of his Motion to Suppress:

### I.     FACTS

On July 7, 2021, two ATF agents went to Marcellas Coats' home. Agents requested that Mr. Coats accompany them to the ATF office to give a statement. Mr. Coats refused to leave with agents, but went to the agents' car.  While Mr. Coats was inside the police car, he was not free to leave. Mr. Coats requested his attorney on numerous occasions. Agents interviewed Mr. Coats, but never read him his *Miranda* rights. While Mr. Coats was inside the police, ATF agents locked the car door. After agents released Mr. Coats from the car, agents escorted Mr. Coats to his front door and requested to search the residence. Mr. Coats involuntarily consented to the search of the home. During the search, agents recovered a .40 caliber bullet. Subsequently, ATF agents handcuffed Mr. Coats in his home.  At no point during this interaction did agents read Mr. Coats his *Miranda* rights.

## II.      SUMMARY OF ARGUMENT

This Court should suppress any and all statements made by Mr. Coats as a violation of the Fifth Amendment of the United States Constitution. Mr. Coats was in custody and agents did not read his *Miranda* rights.  Also, Mr. Coats did not voluntarily consent to the search of his home. Therefore, Mr. Coats' statements and the bullet should be suppressed.

## III.      LEGAL ARGUMENT

### FIFTH AMENDMENT

The Fifth Amendment of the United States Constitution states in pertinent part that "No Person … shall be compelled in any criminal case to be a witness against himself," and "that the accused shall… have the Assistance of Counsel." U.S. Const. Amend. V.  *Miranda v. Arizona* established that before a defendant can be questioned, the defendant must be warned (1) that he has the right to remain silent; (2) that anything he says can be used against him in court; (3) that he has the right to the presence of an attorney; and (4) if he cannot afford one, one will be appointed to represent him.  *See Miranda v. Arizona*, 384 U.S. 435, 479, (1966). These warnings form "an absolute prerequisite to interrogation." Id. at 471.

When a defendant seeks suppression on *Miranda* grounds he bears the burden of proving that the was subjected to custodial interrogation, and thus entitled to *Miranda* warnings in the first place. *United States v. Lawrence*, 892 F.2d 80 (6th Cir. 1989). If the defendant succeeds in showing that he was subjected to custodial interrogation and therefore, that *Miranda* warnings were constitutionally required, the government must then show that any statements obtained occurred after a knowing and voluntary waiver of the defendant's *Miranda* rights. *United States v. Pachecho-Alvarez*, 227 F.Supp 3d 863 (2016).

2

### A.      CUSTODY AND INTERROGATION

In drawing the line between a non-custodial encounter between a citizen and the police and a custodial encounter, courts consider "all of the circumstances" surrounding the encounter with the "ultimate inquiry" turning on whether "a formal arrest" occurred or whether there was a "restraint on a freedom of movement of the degree associated with a formal arrest." A person may be "in custody" while not actually under arrest. *United States v. Martinez*, 795 Fed. Appx. 367, 370 (2019).  To make this determination, courts focus on the "objective circumstances of the interrogation," to determine how a reasonable person in the position of the individual being questioned would gauge the breadth of his or her freedom of action." *United States v. Panak*, 552 F.3d 462, 465 *quoting Stansbury v. California*, 511 U.S. 318, 325, (1994).  Courts consider several factors when determining whether an interrogation was of a custodial nature, including (1) the location of the interview; (2) the length and manner of the questioning; (3) whether there was any restraint on the individual's freedom of movement; and (4) whether the individual was told that he or she did not need to answer the questions. *United States v. Panak*, 552 F.3d 462, 465 (6th Cir. 2009). This list is not exhaustive, and no single factor is determinative. *United States v. Swanson*, I 341 F.3d 524, 528, (6th Cir. 2003).

Here, Mr. Coats was in custody for *Miranda* purposes. Several factors weigh in favor of Mr. Coats being in custody. First, Mr. Coats was in the police car with the doors locked. Second, Mr. Coats was questioned for over an hour with agents repeatedly trying to imply that he was involved in a murder and requesting that he go to the ATF office and answer their questions. Although agents did not handcuff him inside the car, Mr. Coats was not free to leave because he was locked inside the police car with two agents. Mr. Coats repeatedly requested his attorney.  In addition, although agents did not arrest Mr. Coats, they handcuffed him while searching his

residence. Last, agents never indicated to him that he could leave and that he did not have to answer any questions. Whether agents inform a suspect that he is free to leave or to refuse to answer question is the most important consideration in the *Miranda* custody analysis. *United States v. Martinez,* 795 Fed. Appx. 367, 371 (6th Cir. 2019). For these reasons, Mr. Coats was in custody.

Now that custody has been established, Mr. Coats' must demonstrate that he was interrogated. "'[I]nterrogation' " under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).  There is no dispute that Mr. Coats was interrogated because agents repeatedly asked him questions about his involvement in an alleged murder and whether he had any weapons in his home. Thus, Mr. Coats has shown that he was subject to a custodial interrogation.

> B.     **Mr. Coats' *Miranda* rights were violated**.

This Court should suppress any and all statements made by Mr. Coats after he was detained in the police car and handcuffed inside his residence.  Based on the arguments mentioned above, Mr. Coats was in custody and interrogated in the police vehicle and his residence. Once agents subjected Mr. Coats to custodial interrogation, agents were required to read Mr. Coats his *Miranda* rights. However, officer's never read Mr. Coats' rights in the police vehicle nor when he was handcuffed in the residence. Thus, these statements should be suppressed as a result of *Miranda*.

## FOURTH AMENDMENT AND CONSENT

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. "It is well settled under the Fourth and Fourteenth

Amendments that a search conducted without a warrant issued upon probable cause is 'per se

unreasonable ... subject only to a few specifically established and well-delineated exceptions.'

" *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854

(1973) (*quoting* Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967*)*).

"It is equally well settled that one of the specifically established exceptions to the requirements

of both a warrant and probable cause is a search that is conducted pursuant to consent." *Id.*

Whether the consent was voluntary is a question of fact to be determined from the totality

of the circumstances. *Schneckloth v Bustamonte*, 412 U.S. at 248-49, 93 S. Ct. 2041 The

defendant's consent must have been "unequivocally, specifically, and intelligently given,

uncontaminated by any duress and coercion." *United States v. Worley*, 193 F.3d 380, 386 (6th

Cir. 1999) (quoting *United States v. Tillman,* 963 F.2d 137, 143 (6th cir. 1992)  However, a

"defendant must show more than a subjective belief of coercion, but also some objectively

improper action on the part of the police." *United States v. Higgins*, 127 Fed.Appx. 201, 204 (6th

Cir. 2005) (*quoting United States v. Crowder*, 62 F.3d 782, 787 (6th Cir. 1995) ). When deciding

whether a party's consent was freely given or coercively extracted, a court should consider the

totality of circumstances, including, for example, the party's age and education and the nature of

the questioning from which the consent originated.  *Schneckloth,* 412 U.S. at 226.

In evaluating the totality of circumstances, Mr. Coats did not voluntarily consent to the

search of his home. Mr. Coats had been in a locked police car for over forty minutes with two

agents. Then, agents escorted Mr. Coats to his front door and requested to come inside the

residence. Prior to entering the home, Mr. Coats repeatedly told agents that he wanted an

attorney present. Despite this request, agents continued to question him and did not leave his

residence. The agents repeated questioning and failure to leave the residence overbore Mr.

Coats' will to voluntarily consent to the search of his home. Thus, the bullet should be suppressed.

### III.    CONCLUSION

For the foregoing reasons, this Court should enter an order suppressing all statements as a violation of the Fifth Amendment of the United States Constitution and the bullet recovered as violation of the Fourth Amendment of the United States Constitution.

Respectfully submitted,

s/Jennifer D. Fitzgerald
Jennifer D. Fitzgerald, #26825
Attorney for Marcellas Coats
44 N. 2nd Street, Suite 201
Memphis, TN 38103
(901) 522-8378
attorneyjdfitzgerald@yahoo.com

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing has been served upon all counsel of record, by electronic means via the Court's electronic filing system, on this the 28th day of January, 2022.

s/Jennifer D. Fitzgerald_____
Jennifer D. Fitzgerald